Ex parte Rodolfo APOLINAR, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 682–90.

Court of Criminal Appeals of Texas, En Banc.

June 19, 1991.

Loraine Efron Kutler, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty. and Patrick Hancock, Michael Raign and Edward F. Shaughnessy, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

This case is before us on the State's petition for discretionary review. The State contends that "the Court of Appeals erred in holding that it had jurisdiction" to address appellant's claim. We hold that the Court of Appeals did not have jurisdiction.

Appellant filed a special plea in the trial court alleging that his first trial, which resulted in a mistrial, was improperly terminated. Article 27.05(3), V.A.C.C.P. He claimed that his right against twice being put in jeopardy for the same offense proscribed the second trial. The trial court, in a pretrial determination, refused to bar the second proceeding. Appellant then appealed to the Court of Appeals in San Antonio.

The court of appeals decided that, although appellant filed a special plea, it was possible to interpret the special plea as a pretrial writ of habeas corpus. Thus, following *Ex Parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App.1982), the court of appeals found jurisdiction to address appellant's claim. *Apolinar v. State*, 790 S.W.2d 108 (Tex.App.–San Antonio 1990).

A defendant may file a special plea in order to assert a former jeopardy claim. Article 27.05, V.A.C.C.P. However, all issues of fact presented in the special plea are to be tried by the trier of fact on the trial on the merits. Article 27.07, V.A.C.C.P. The appellant in this case appealed from the trial court's ruling on the special plea prior to trial on the merits.

■ The statutorily prescribed procedure utilized on a special plea mandates that the defendant's claim in the special plea shall not be determined before the trial on the merits. Article 27.07, supra. Trial courts are required to submit the special plea to the trier of fact unless, assuming all the facts alleged in the plea to be true, the special plea does not present a legally sufficient former jeopardy claim. *Arredondo v. State*, 582 S.W.2d 457 (Tex. Cr.App.1979); *Simco v. State*, 9 Cr.R. 338 (1880). If the trial court determines that

the special plea presents a legally sufficient claim to submit it to the trier of fact then it must be submitted and tried by the trier of fact together with the plea of not guilty. *Villarreal v. State*, 172 Tex.Cr.R. 213, 355 S.W.2d 516 *cert. denied*, 371 U.S. 867, 83 S.Ct. 127, 9 L.Ed.2d 103.

■ Here the defendant appealed from the pretrial ruling by the trial court. That ruling was not a final judgment. The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.

The courts of appeals derive their jurisdiction from the constitution of the state of Texas. The constitution expressly provides that:

> Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Art. 5, sec. 6, TEX. CONST.

There is no statutory provision which grants the courts of appeals jurisdiction over a special plea before a final judgment has been entered. Thus, the procedure authorized for a special plea requires the defendant to be twice put to trial before the merits of his former jeopardy claim may be reached. Not only does the statutory language provide as such but the Fifth Circuit has specifically determined this to be so.

> Texas law provides that a claim of former jeopardy may be raised at the inception of the prosecution under attack, but that the facts concerning the special Plea are determined in the course of the trial on the merits, *See* Vernon's Ann.C.C.P. art. 27.05 & 27.07 (1966 & Supp.1981). The Plea is a mechanism for avoidance of reconviction, not retrial. In its limited function, it falls short of the protections extended to criminal defendants by the double jeopardy clause of the fifth amendment. *Baker v. Metcalfe*, 633 F.2d 1198, 1200 n. 3 (5th Cir.) *cert. denied* 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981), citing *Abney v. United States*, 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977), as applicable to the states through the fourteenth amendment, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

*Robinson v. Wade*, 686 F.2d 298, 302 n. 3 (5th Cir.1982).

The pretrial writ of habeas corpus, however, provides relief. Article 11.01, et seq., V.A.C.C.P. In *Ex Parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App.1982), relying on *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), this Court wrote, "We are compelled to hold that there is a Fifth Amendment right not to be exposed to double jeopardy, and that it must be reviewable before that exposure occurs." *Id.* at 555; U.S. CONST. amends. V and XIV; Art. 1, sec. 10, TEX. CONST. This Court then explained that a pretrial writ under Chapter 11, V.A.C.C.P. was the mechanism to be utilized in seeking relief from exposure to double jeopardy.

Because the special plea procedure does not protect against retrial, use of the pretrial writ of habeas corpus is the only way to protect a defendant's fifth amendment right against twice being put to trial.

Here, appellant did not utilize the proper procedure to bring him within appellate review at this point in the proceeding. Accordingly, the judgment of the court of appeals is vacated and the cause is remanded to the trial court.

CLINTON and MILLER, JJ., dissent.

BENAVIDES, J., concurs in result.