NO. 12-03-00168-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




NORMAN PAUL MANZIEL,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Appellant Norman Paul Manziel ("Appellant") appeals from the trial court's denial of his
plea in bar asserting former jeopardy. Appellant has also filed an emergency motion to stay the
proceedings in the trial court pending determination of this appeal. We dismiss the appeal for want
of jurisdiction and deny Appellant's motion to stay the trial court proceedings.

 A defendant may file a special plea to assert a former jeopardy claim. Tex. Code Crim.
Proc. Ann. art. 27.05 (Vernon 1989). However, all issues of fact presented in the special plea are
to be tried by the trier of fact in the trial on the merits. Tex. Code Crim. Proc. Ann. art. 27.07
(Vernon 1989). Trial courts are required to submit the special plea to the trier of fact unless,
assuming all the facts alleged in the plea to be true, the special plea does not present a legally
sufficient former jeopardy claim. Apolinar v. State, 820 S.W.2d 792, 793 (Tex. Crim. App. 1991)
(citing Arredondo v. State, 582 S.W.2d 457 (Tex. Crim. App. 1979)). Here, Appellant appeals from
a pretrial ruling by the court. That ruling, however, is not a final judgment.

 The appellate jurisdiction of courts of appeals must be exercised under such restrictions and
regulations as may be prescribed by law. Tex. Const. art. V, § 6. No statutory provision exists that
grants the courts of appeals jurisdiction over a special plea before a final judgment has been entered. 
Apolinar, 820 S.W.2d at 794. Thus, the procedure authorized for a special plea requires the
defendant to be twice put to trial before the merits of his former jeopardy claim may be reached. Id. 
Accordingly, this appeal is dismissed for want of jurisdiction, and Appellant's motion to stay the
trial court proceedings is denied.

Opinion delivered June 11, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


























(DO NOT PUBLISH)