6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00133-CR
______________________________



EX PARTE BENJAMIN WAYNE MCCOIN






Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Habeas Corpus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â In 2000, a jury convicted Benjamin Wayne McCoin for trying to kill his ex-wife and her
husband by blowing them up with dynamite. See McCoin v. State, 56 S.W.3d 609 (Tex.
App.âTexarkana 2001, no pet.). McCoin was sentenced to ninety-nine years' imprisonment, and
this Court affirmed the conviction on direct appeal. See id. McCoin has now filed a "writ of
unassigned error" asking us to reverse his conviction. Because McCoin's writ application amounts
to a collateral attack on his conviction, and because we lack jurisdiction to consider such
applications, we dismiss this case.
Â Â Â Â Â Â Â Â Â Â Â Â This Court has jurisdiction only where expressly granted by statute. Apolinar v. State, 820
S.W.2d 792, 794 (Tex. Crim. App. 1991). No statute vests this Court with jurisdiction over original
applications for post-conviction writs of habeas corpus. Instead, such writs must be filed with the
original court of conviction and made returnable to the Texas Court of Criminal Appeals in Austin. 
See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004â2005). 
Â Â Â Â Â Â Â Â Â Â Â Â Accordingly, we dismiss McCoin's application for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â September 22, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â September 23, 2004

Do Not Publish




s after the officer returned Edwards'
license and proof of insurance was supported by reasonable suspicion that Edwards was engaged in,
had engaged in, or was about to be engaged in criminal activity. It was during the brief few
additional seconds beyond the conclusion of the traffic stop that Smith sought and obtained Edwards'
consent to search the vehicle.

 Moreover, the trial court had before it evidence that would support the conclusion that
Edwards' consent was voluntarily given. The officer testified that it was but one or two seconds after
he had returned Edwards' driver's license and proof of insurance that he asked for consent. Smith
also stated that he had made the request in such a way as to convey to Edwards that the latter had the
right to refuse to give consent. More specifically, Smith testified,

 And I believe the same thing, that okay, once I give a pause, then I can come
back and ask them, "Hey, you don't mind if I talk to you a little longer or search your
vehicle?"

 I believe any person, reasonable person at that point believes that they do
have a choice. And I inform them at that time if it's on -- if it's, "Can I have consent
to search your vehicle," and they give me verbal consent, I also have to let them
know, "You know, at any point in time you can stop us from searching your vehicle
at this point."


This latter testimony, if found credible, would support the conclusion that Smith made known to
Edwards that he had the right to refuse consent, yet Edwards nonetheless gave his consent
voluntarily. 

 As such, we cannot say the record before us demonstrates that the trial court erred by denying
Edwards' motion to suppress. The one- or two-second extension of the initial traffic stop was
supported by reasonable suspicion that criminal activity was afoot, and the record before us supports
the trial court's conclusion that Edwards voluntarily consented to a police search of his vehicle.

III. Conclusion

 For the reasons stated, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: February 22, 2007

Date Decided: March 7, 2007


Do Not Publish
1. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). That offense is a first-degree felony if the amount possessed is greater than four grams but less than 200 grams. Id.