NO. 12-05-00190-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RICKY D. STARKS,                                           §                 APPEAL FROM THE 7TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
PER CURIAM
            Appellant attempts to appeal the trial court’s order signed on June 14, 2005 denying
Appellant’s motion for discovery. On June 20, 2005, this Court notified Appellant that the docketing
statement received in this appeal does not show the jurisdiction of this Court, i.e., there is no final
judgment or other appealable order contained therein. Appellant was informed that the appeal would
be dismissed unless he furnished information on or before July 5, 2005 showing the jurisdiction of
this Court. On June 27, 2005, the clerk’s record was filed in this proceeding. The record reveals that
the order Appellant seeks to appeal relates to the denial of discovery sought for preparation of an
application for a postconviction writ of habeas corpus.
            Article 11.07 of the Texas Code of Criminal Procedure outlines the procedure for seeking
a postconviction writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2004-05). This procedure is exclusive. Id. at § 5. The only courts referred to in article 11.07 are
the convicting court and the court of appeals. See id. at § 3. The article prescribes no role for the
court of appeals. See id.; Thomas v. State, No. 12-04-00376-CR, 2004 WL 3153763, at *1 (Tex.
App.–Tyler 2004, pet. ref’d) (not designated for publication). Moreover, even if we had appellate
jurisdiction in postconviction habeas proceedings, we do not have jurisdiction to review interlocutory
orders unless jurisdiction has been expressly granted by law. See Apolinar v. State, 820 S.W.2d 792,
794 (Tex. Crim. App. 1991). There is no statutory provision permitting an interlocutory appeal of
a discovery order such as the order Appellant complains of here. Consequently, we are without
jurisdiction to review the order. Accordingly, this appeal is dismissed for want of jurisdiction.
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)