NUMBER 13-05-018-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE STATE OF TEXAS, Appellant,


v.



JULIO VALDEZ, Appellee.

 


On appeal from the 404th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 The State of Texas appeals from the trial court's order granting appellee's "Special
Plea of Double Jeopardy," which requested a dismissal of the case "with prejudice, or,
alternatively, [that the court] enter an order authorizing the submission of such issue to the
trier of fact herein." The court elected to dismiss the case with prejudice. On appeal, the
State contends the court erred because it dismissed the case prior to a trial on the merits. 
In the alternative, the State argues that the trial court erred in granting appellee's special
plea of double jeopardy. We reverse and remand.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to explain the Court's decision and the basic
reasons for it. (1)

Preliminary Matter

 Appellee, Julio Valdez, asserts that the State did not timely perfect its appeal. 
Texas Rule of Appellate Procedure 26.2(b) states that a notice of appeal must be filed by
the State "within 15 days after the day the trial court enters the order, ruling, or sentence
to be appealed." (2) Appellee asserts that the trial court's order was entered on November
29, 2004 (the day the court entered its dismissal into the docket sheet) and not on
December 2, 2004 (the day the court signed the order of dismissal). As a result, appellee
contends that the State, which filed its appeal on December 14, 2004, was one day late
in filing. 

 Regardless of the date utilized, the appeal was timely. December 14 was the
fifteenth day after November 29; therefore, the State timely filed in accordance with rule
26.2(b).

Discussion

 Article 27.07 of the Texas Code of Criminal Procedure states, "All issues of fact
presented by a special plea shall be tried by the trier of the facts on the trial on the merits." (3) 
The statutory language of article 27.07 permits the accused to be twice put to trial before
the merits of his former jeopardy claim may be reached. (4)

 This Court has stated that a special plea is not to be determined before trial so as
to terminate the prosecution. (5) If the trial court determines that the special plea presents
a legally sufficient claim, it must be submitted to the trier of fact together with the plea of
not guilty. (6) If the special plea does not present a legally sufficient former jeopardy claim,
it need not be submitted to the trier of fact. (7)

 The trial court was without authority to make a pretrial determination to terminate
the prosecution. (8) Furthermore, this Court has no jurisdiction over a special plea before a
final judgment in a criminal case has been entered. (9)

Conclusion

 The judgment and order of the trial court is reversed and the cause is remanded to
the trial court.

 

 LINDA REYNA YAÑEZ,

 Justice



Do not publish. Tex.R.App.P. 47.2(b)


Memorandum opinion delivered and filed 

this the day of , 2007.
1. See Tex. R. App. P. 47.4.
2. See Tex. R. App. P. 26.2(b).
3. Tex. Code Crim. Proc. Ann. art. 27.07 (Vernon Supp. 2006).
4. State v. Lara, 924 S.W.2d 198, 202 (Tex. App.-Corpus Christi 1996, no pet.) (citing Ex parte
Apolinar, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)).
5. Id.
6. Id. (citing Ex parte Apolinar, 820 S.W.2d at 794).
7. Id. (citing Ex parte Apolinar, 820 S.W.2d at 793).
8. Id. (citing Ex parte Apolinar, 820 S.W.2d at 794).
9. Id. (citing Ex parte Apolinar, 820 S.W.2d at 794).