In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-624 CR


____________________



JAMES JERALD ZARYCHTA, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 94-05-00532-CR






MEMORANDUM OPINION



 On December 20, 2007, we notified the parties that our jurisdiction was not apparent
from the notice of appeal, and notified them that the appeal would be dismissed for want of
jurisdiction unless we received a response showing grounds for continuing the appeal. The
appellant filed a response, but failed to articulate a valid basis for jurisdiction in that
response. The State contends no appeal may be taken from the order in question. We
dismiss the appeal.

 The notice of appeal seeks to invoke this Court's appellate jurisdiction to review the
trial court's order denying a motion to compel and motion for evidentiary hearing filed by
James Jerald Zarychta, Jr. (1) Generally, an appellate court has jurisdiction to consider an
appeal by a criminal defendant only where there has been a final judgment of conviction. 
Workman v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961). Zarychta was finally
convicted of capital murder and that judgment was affirmed on appeal. Zarychta v. State,
44 S.W.3d 155 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). Thus, Zarychta has
exhausted his right to appeal his conviction for capital murder. Id.

 The right of appeal is statutorily created; where no statute grants a right of appeal from
a particular order, no appeal may be taken. See, e.g., Wolfe v. State, 120 S.W.3d 368, 370
(Tex. Crim. App. 2003); Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (no
interlocutory appeal from denial of special plea). An order denying a post-conviction motion
to compel disclosure of records and for an evidentiary hearing is neither a judgment of guilt
nor an order from which an appeal is specifically authorized by statute. See generally Tex.
Code Crim. Proc. Ann. § 44.02 (Vernon 2006). Accordingly, we hold the order cannot be
appealed to this Court. The appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED FOR LACK OF JURISDICTION.





 _____________________________

 STEVE McKEITHEN

 Chief Justice

 


Opinion Delivered January 16, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Zarychta was convicted of escape in Cause No. 94-05-00532-CR. Although the trial
court's order and the notice of appeal were filed in Cause No. 94-05-00532-CR, the motion
and order actually relate to a separate conviction for capital murder that was originally
indicted in Cause No. 93-08-00663-A. The capital murder case was transferred for trial in
Brazos County as No. 23,364-272. Zarychta originally filed his motion to compel in Brazos
County, but the matter was transferred to Montgomery County. Although the trial court
signed an order in Cause No. 93-08-00663-A allowing James Zarychta, Sr. and Cynthia
Zarychta to have access to the juvenile file of a co-defendant, the order identified in the
notice of appeal was filed in the escape case, No. 94-05-00532-CR, evidently by mistake.