02-11-015-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-11-00015-CR

 

 


 
 
 Thomas Cassidy White
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
43rd District Court OF Parker
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------  

 

Appellant
Thomas Cassidy White was indicted for aggravated assault on a public servant.  The case proceeded to a jury trial, and the
jury found Appellant not guilty of the charged offense but deadlocked on a
lesser-included charge. The trial court sua sponte declared a mistrial, and Appellant subsequently
filed a special plea of double jeopardy. 
The trial court conducted a hearing on Appellant’s special plea on
December 13, 2010, and denied the special plea. Appellant then filed notice of
this appeal.

On January
14, 2011, we sent Appellant’s attorney a letter advising that we were concerned
that we lacked jurisdiction over this appeal, and further advising that unless
Appellant or any party desiring to continue the appeal filed a response showing
grounds for continuing the appeal by January 24, 2011, we would dismiss the
appeal for want of jurisdiction.  Appellant’s attorney responded, agreeing that
we do not have jurisdiction over this appeal.

We do
not have jurisdiction to review the trial court’s denial of Appellant’s special
plea.  While a criminal defendant may
file a special plea in order to assert a claim of former jeopardy, Tex. Code
Crim. Proc. Ann. art. 27.05 (Vernon 2006), there is no statutory provision
which grants us jurisdiction to review the denial of a special plea before a
final judgment has been rendered.  See Apolinar
v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); Ex parte Swift, 02-07-00138-CR, 2007 WL 2285476, at *3 (Tex.
App.—Fort Worth Aug. 9, 2007, no pet.) (mem.
op., not designated for publication).  Here, Appellant appeals from the trial court’s
pretrial denial of his special plea.  Because
a final judgment has not yet been rendered in this case, we lack jurisdiction
to review the trial court’s ruling on the special plea.  We therefore dismiss the appeal for lack of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER CURIAM

 

PANEL:  GARDNER, WALKER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 17, 2011











          [1]See Tex. R. App. P. 47.4.