

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00015-CR

THOMAS CASSIDY WHITE                                                      APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Thomas Cassidy White was indicted for aggravated assault on a public servant. The case proceeded to a jury trial, and the jury found Appellant not guilty of the charged offense but deadlocked on a lesser-included charge. The trial court sua sponte declared a mistrial, and Appellant subsequently filed a special plea of double jeopardy. The trial court conducted a hearing on Appellant's special plea on December 13, 2010, and denied the special plea. Appellant then filed notice of this appeal.

---

[1]See Tex. R. App. P. 47.4.

On January 14, 2011, we sent Appellant's attorney a letter advising that we were concerned that we lacked jurisdiction over this appeal, and further advising that unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by January 24, 2011, we would dismiss the appeal for want of jurisdiction. Appellant's attorney responded, agreeing that we do not have jurisdiction over this appeal.

We do not have jurisdiction to review the trial court's denial of Appellant's special plea. While a criminal defendant may file a special plea in order to assert a claim of former jeopardy, Tex. Code Crim. Proc. Ann. art. 27.05 (Vernon 2006), there is no statutory provision which grants us jurisdiction to review the denial of a special plea before a final judgment has been rendered. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Swift*, 02-07-00138-CR, 2007 WL 2285476, at *3 (Tex. App.—Fort Worth Aug. 9, 2007, no pet.) (mem. op., not designated for publication). Here, Appellant appeals from the trial court's pretrial denial of his special plea. Because a final judgment has not yet been rendered in this case, we lack jurisdiction to review the trial court's ruling on the special plea. We therefore dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 17, 2011