# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00190-CR

### Stephanie Murrile, Appellant

### v.

### The State of Texas, Appellee

### FROM COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY
### NO. C-1-CR-10-212556
### HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephanie Murrile attempted an appeal from a January 7, 2010[1] trial court order denying her "Motion to Suppress Based on Collateral Estoppel" that sought dismissal of the charging instrument on double jeopardy grounds. Appellee State of Texas filed a motion to dismiss this appeal for want of jurisdiction, arguing that the January 7 order is interlocutory and not appealable because Murrile has not been convicted or sentenced. *See* Tex. R. App. P. 25.2(a)(2); *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961). The State contends that Murrile's remedy is by pretrial writ of habeas corpus. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (prohibiting appellate courts from considering special plea as equivalent of pretrial

---

[1] Although the order reflects that it was signed on "January 7, 2010," the year appears to be a typographical error, as the charged offense occurred on July 17, 2010.

writ of habeas corpus); *see* Tex. Code Crim. Proc. Ann. art. 27.05 (West 2006) (defining defendant's special plea).

With few exceptions, we do not have jurisdiction to review interlocutory orders.[2] *Id.* We agree that we lack appellate jurisdiction to review a pretrial order denying a motion to suppress. *See Apolinar*, 820 S.W.2d at 794 (noting that appellate courts lack jurisdiction to review interlocutory orders unless expressly provided by law); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (concluding that appeal from pretrial order denying motion to suppress evidence was not immediately appealable and dismissing appeal for lack of jurisdiction).

Accordingly, we grant the State's motion and dismiss Murrile's appeal for want of jurisdiction.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed: August 31, 2011

Do Not Publish

_____

[2] Some interlocutory orders in criminal cases are appealable, for instance: (1) defendants on deferred adjudication may immediately appeal rulings on pretrial motions, (2) defendants may appeal the denial of a motion to reduce bond, and (3) defendants may appeal from the denial of a pretrial application for writ of habeas corpus alleging double jeopardy. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).