Opinion filed May 17, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00370-CR

                                                    __________

 

                                    PETER
H. EGGERT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                  Trial
Court Cause No. CR 12122

 



 

                                            M
E M O R A N D U M    O P I N I O N

Peter H. Eggert filed a pro se notice of appeal in the trial court
on December 27, 2011.  According to the notice of appeal, he is appealing an
order denying his pro se motion to recuse the trial judge.  We dismiss
for want of jurisdiction.

On
December 27, 2011, the clerk’s office notified appellant in writing that it did
not appear that he was appealing a final, appealable order.  Appellant was
requested to provide a written response by January 11, 2012, showing grounds
for continuing this appeal.  Appellant filed a pro se response on January 11,
2012, wherein he alleged that his motion to recuse was meritorious and that he
did not have any other remedy for contesting its denial.  However, appellant
did not address the question concerning the fact that the order did not constitute
a final, appealable order.  Additionally, the special prosecutor representing
the State filed a response in this court indicating that the trial court
subsequently entered a judgment revoking appellant’s community supervision on
January 13, 2012.[1] 
The judgment revoking community supervision confirms that the order denying appellant’s
pro se motion to recuse does not constitute a final, appealable order.

Article 44.02 of the Texas Code of Criminal Procedure provides that “[a] defendant in
any criminal action has the right of appeal under the rules hereinafter
prescribed.”  Tex. Code Crim. Proc. Ann.
art. 44.02 (West 2006); see Tex. R.
App. P. 25.2(a)(2) (a defendant “has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules” in every case in which the
trial court “enters a judgment of guilt or other appealable order”).  A defendant’s general right to appeal under Article 44.02 has always been limited to an
appeal from a final judgment.  Abbott v. State, 271 S.W.3d 694, 697
(Tex. Crim. App. 2008); State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex. Crim.
App. 1990).  Courts of appeals do not have jurisdiction to review interlocutory
orders unless that jurisdiction has been expressly granted by law.  Apolinar v.
State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  Appellant has not
provided us with any statutory authority, and we have not found any that
permits the interlocutory appeal of an order denying a motion to recuse.

Accordingly,
this appeal is dismissed for want of jurisdiction.

 

                                                                                                PER
CURIAM

 

May 17, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]We note that appellant has not subsequently filed an
appeal from the judgment revoking community supervision entered on January 13,
2012.