**Dismiss and Opinion Filed March 1, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-12-01738-CR

---

### JAY SANDON COOPER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law No. 2
Grayson County, Texas
Trial Court Cause No. 2011-2-1391

---

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

Jay Sandon Cooper stands charged by information with the offense of driving while intoxicated. Appellant filed an affidavit of indigence on February 3, 2012, which was denied on March 22, 2012. Thereafter, appellant represented himself in the trial court. On November 21, 2012, appellant filed "Defendant's Objections; Motion for Ruling on Defendant's Application for Indigency; and In the Event that the Court Refuses to Rule, Defendant's Objection to the Refusal to Rule." The trial judge denied this motion by order dated November 26, 2012. On December 6, 2012, appellant filed his notice of appeal. Because there is not a final judgment, we sent the parties a letter directing them to file letter briefs addressing our jurisdiction over the appeal. Despite being given an extension of time to file his letter brief, appellant did not respond. We conclude we lack jurisdiction over the appeal.

The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2004); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). As a general rule, appellate courts may consider appeals by criminal defendants only after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (identifying types of appealable interlocutory orders). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Wright*, 969 S.W.2d at 598.

The interlocutory order denying appellant's motion related to his affidavit of indigence and the denial of court-appointed counsel is not a judgment of conviction nor does it fall within the categories of appealable interlocutory orders. Therefore, we have no jurisdiction over this appeal.

We dismiss the appeal for want of jurisdiction.


_____
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121738F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JAY SANDON COOPER, Appellant

No. 05-12-01738-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 2, Grayson County, Texas
Trial Court Cause No. 2011-2-1391.
Opinion delivered by Justice Lewis,
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 1st day of March, 2013.

DAVID LEWIS
JUSTICE