**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00053-CR**
_____

**GAVIN BLADES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 12-277932

**MEMORANDUM OPINION**

Gavin Blades filed a notice of appeal from the denial of a motion to dismiss an information. We questioned our jurisdiction, and the State filed a response suggesting that no appealable order has been signed. Blades filed a response, but failed to establish that the ruling about which he complains may be appealed at this time.

In this state, an appeal in a criminal case must be specifically authorized by statute, and a court of appeals lacks jurisdiction to review interlocutory orders

unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Blades argues the trial court's order effectively denied him entry into a pretrial diversion program, and he suggests the order is appealable in the same manner as a deferred adjudication community supervision order. *See, e.g., Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). Blades has not shown that the trial court signed a deferred adjudication order. *See generally* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2012). The appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Opinion Delivered March 13, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.