Opinion issued May 21, 2013



In The

# Court of Appeals

For The

## First District of Texas

————————————

NO. 01-13-00116-CR
NO. 01-13-00117-CR

————————————

**WILLIAM SOLOMON LEWIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case Nos. 59246 and 59247

## MEMORANDUM OPINION

Appellant, William Solomon Lewis, asserts that, on October 25, 2012, he

mailed a motion to the Brazoria County District Clerk, seeking to correct costs in

trial court cause numbers 59246 and 59247.[1]  *See* TEX. CODE CRIM. PROC. ANN. § 103.008 (West 2006) (providing for correction of costs).  Appellant complains that the district clerk returned his motion unfiled.  On January 24, 2013, appellant filed a "Direct Appeal of Motion for Correction of Costs," attempting to appeal from the alleged return of his motion.  We dismiss the appeals for lack of jurisdiction.

Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961).  We do not have jurisdiction over other appeals in criminal cases unless it has been expressly granted to us by law. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  Further, the Rules of Appellate Procedure provide for perfection of an appeal from a trial court's judgment imposing or suspending sentence or "an appealable order."  *See* TEX. R. APP. P. 26.2(a), 33.1.

---

[1]  Appellant's previous appeal from the trial court's order of costs was dismissed for lack of jurisdiction. *Lewis v. State*, Nos. 01-10-00761-CR, 01-10-00762-CR, 2012 WL 2453726, at *2 (Tex. App.—Houston [1st Dist.] Jun. 28, 2012, no pet.) (mem. op. on reh'g) (not designated for publication) (considering order of costs in trial court cause numbers 59246 and 59247).

Appellant does not appeal from a trial court judgment or order; rather, he appeals from the district clerk's return of a motion. We know of no authority that vests this Court with jurisdiction over a direct appeal from the return of a motion.

Accordingly, we dismiss the appeals for want of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).