In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00219-CR
_____

GREGORY SMOKER, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 00-82941**

**MEMORANDUM OPINION**

Appellant Gregory Smoker seeks to appeal the trial court's order denying his motion to preserve biological evidence, in which Smoker requested that he receive notification prior to the destruction of any items that might potentially contain DNA evidence, as well as the trial court's order dismissing his motion for a free appellate record. In his motion to preserve biological evidence, Smoker expressly stated that he had not yet filed a motion under Chapter 64 of the Texas Code of Criminal Procedure, but "the possibility exists that he might in the near future." We questioned our

1

jurisdiction, and Smoker filed a response, but Smoker failed to establish that the rulings about which he complains are appealable at this time.

An appeal in a criminal case must be specifically authorized by statute, and a court of appeals lacks jurisdiction to review interlocutory orders unless such jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The trial court's denial of Smoker's motion to preserve biological evidence and the trial court's dismissal of Smoker's motion for a free appellate record are not immediately appealable orders. *See generally Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (Appeal from an order denying appellant's request for appointment of counsel under Chapter 64 is premature because such a motion is a preliminary matter that precedes the initiation of Chapter 64 proceedings.). Accordingly, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Opinion Delivered August 14, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

2