# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00477-CR

**Clemente Suarez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. CR92-0713-A, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Clemente Suarez, appearing pro se, seeks to appeal from the trial court's denial of his motion for judgment nunc pro tunc.[1] In criminal cases, unless expressly authorized by statute, appellate courts only have jurisdiction to review final judgments. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *see* Tex. Code Crim. Proc. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). An order denying a motion for judgment nunc pro tunc is not a final, appealable order. *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (no jurisdiction over appeal of post-judgment order denying time-credit motion); *Deshotel v. State*, No. 14-13-01093-CR, 2014 WL 51438, at *2

---

[1] Suarez was convicted of murder in 1993, and this Court affirmed that conviction on direct appeal. *See Suarez v. State*, No. 03-93-00545-CR (Tex. App.—Austin Oct. 19, 1994, pet. ref'd) (mem. op.) *available at* http://www.search.txcourts.gov/Case.aspx?cn=03-93-00545-CR.

(Tex. App.—Houston [14th Dist.] Jan. 7, 2014, no pet.) (mem. op., not designated for publication) (no appellate jurisdiction over denial of motion for judgment nunc pro tunc); *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (same). Nor does the denial create a right to an interlocutory appeal. *Castor*, 205 S.W.3d at 667. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   September 25, 2014

Do Not Publish

2