

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00495-CR

GERALD L. BRADLEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 0918827D

----------

## MEMORANDUM OPINION[1]

----------

On December 3, 2014, Appellant Gerald L. Bradley filed a notice of appeal from the trial court's August 21, 2014 orders denying his "Motion of Request to Reverse Conviction for Improper Grand Jury Procedures" and his "Motion to Show-Cause Order." On December 18, 2014, we notified Bradley that it appears we lack jurisdiction over this matter because the notice of appeal was not timely

---

[1]See Tex. R. App. P. 47.4.

filed. *See* Tex. R. App. P. 26.2(a). We advised that this appeal could be dismissed unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before December 29, 2014. Bradley filed a response, but it does not show grounds for continuing the appeal.

This court does not have authority to grant an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Additionally, unless expressly authorized by statute, appellate courts have jurisdiction to review only final judgments of conviction in criminal cases. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *see* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006) ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). This court does not have jurisdiction to review the denial of Bradley's post-judgment motions.[2] Accordingly, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: WALKER, MEIER, and GABRIEL, JJ.

---

[2]On January 29, 2015, we received a pro se letter from Bradley. We interpret his letter as a motion requesting that this court appoint counsel for him and order the trial court to provide him a record and make certain findings and conclusions. Because we determine that we lack jurisidiction, we deny Bradley's motion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 5, 2015

3