

# Fourth Court of Appeals
## San Antonio, Texas

March 13, 2020

No. 04-20-00149-CR

Christopher Timmy **BRADY,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 556329
Honorable Kevin M. O'Connell, Judge Presiding

# O R D E R

On March 4, 2020, appellant filed both a Notice of Appeal and a Notice of Appeal from Negotiated Plea. In general, we have jurisdiction to consider an appeal in a criminal case only when there has been a final judgment of conviction. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Sanchez v. State*, 340 S.W.3d 848, 849 (Tex. App.—San Antonio 2011, no pet.). "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Apolinar*, 820 S.W.2d at 794. Additionally, we must dismiss a criminal appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record[.]" TEX. R. APP. P. 25.2(d).

Here, the clerk's record does not contain a judgment of conviction or other appealable order or a certification of appellant's right of appeal. We therefore **ORDER** appellant to file in this court, by or before **April 13, 2020**, a response showing cause why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 25.2(d). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of March, 2020.



MICHAEL A. CRUZ,
Clerk of Court