

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00878-CR

Thomas Robert **GILCHRIST**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2017-04-13013-CR
Honorable H. Paul Canales, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: May 6, 2020

DISMISSED FOR WANT OF JURISDICTION

On December 19, 2019, appellant Thomas Robert Gilchrist filed a pro se notice of appeal seeking to appeal an order denying his "Pretrial Motion to Dismiss Prosecution with Prejudice" and "Motion to Dismiss Abuse – Prosecutorial Misconduct." The clerk's record contains a copy of this order signed on December 16, 2019, but it does not include a judgment of conviction. When the Uvalde County District Clerk filed the clerk's record, it also informed us that there was no judgment of conviction against appellant. The district clerk added that trial is set for July 7, 2020.

In general, we have jurisdiction to consider an appeal by a criminal defendant only when the trial court has signed a judgment of conviction. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law. *Id.* Rulings on pretrial motions are interlocutory and consequently, not subject to immediate appeal. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). We also have not found any constitutional or statutory authority that would permit an interlocutory appeal from an order denying a pretrial motion for prosecutorial misconduct.

Because there was no judgment of conviction, we ordered appellant to file a response showing why we should not dismiss this appeal for want of jurisdiction. In that order, we advised appellant that if no satisfactory response was filed within the time provided, we would dismiss the appeal for want of jurisdiction. Appellant filed a timely response, agreeing this court does not have jurisdiction to hear this appeal. Because there is no final judgment or appealable interlocutory order in this matter, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Do Not Publish