**Opinion issued December 17, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-20-00661-CR

———————————

### STEVEN CULLEN LEWIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Case No. 2303611**

---

## MEMORANDUM OPINION

Appellant is attempting to appeal from the trial court's September 3, 2020 order denying his motion to suppress. The State has filed a motion to dismiss, claiming that this Court lacks jurisdiction because appellant may only appeal from a final judgment, and the order denying appellant's motion to suppress is not a final

judgment. This Court held the motion to give appellant the opportunity to respond, but appellant has not responded. *See* TEX. R. APP. P. 10.1(b).

Courts of appeals have no jurisdiction to review interlocutory orders unless jurisdiction has been expressly granted by law. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The order denying appellant's pretrial motion to suppress is not a final judgment and may not be appealed until after final judgment is rendered. *See id.*; *Laney v. State*, No. 14-00-01298-CR, 2001 WL 1098079, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2001, no pet.).

Accordingly, we grant the State's motion and dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Hightower and Countiss.
Do not publish. TEX. R. APP. P. 47.2(b).