

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00027-CR

Ishmal **BEARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR3901
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: February 16, 2022

DISMISSED FOR LACK OF JURISDICTION

On November 10, 2019, appellant was released under a personal recognizance bond setting a bond in the amount of $12,500. In March 2020, the grand jury returned a true bill of indictment. On September 22, 2021, the bond officer submitted a first violation report stating appellant was non-compliant. That day, the trial court signed an order that doubled the bond to $25,000. On January 10, 2022, appellant pro se filed a "notice of appeal" that fails to identify what appellant intends to appeal. The clerk's record was filed on January 12, 2022. On January 13, 2022, the trial court clerk confirmed to this court that appellant was then set for trial on January 28, 2022.

The clerk's record does not contain a final appealable order. As a general rule, a criminal defendant's right of appeal is limited to an appeal from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. art. 44.02; *see also State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under [article 44.02] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face.").

Moreover, "[t]he courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). We do not have jurisdiction to consider an appeal from an interlocutory pretrial order increasing bail because such jurisdiction has not been expressly granted by statute. *See Ex parte Herrera*, 04-18-00020-CR, 2018 WL 1733123, at *2 (Tex. App.—San Antonio Apr. 11, 2018, no pet.) (not designated for publication).

In light of this apparent jurisdictional defect, on January 13, 2022, we issued an order stating the record does not reflect either a final appealable order or an interlocutory order on which an immediate appeal is authorized. We accordingly ordered appellant to show cause, no later than January 27, 2022, why this appeal should not be dismissed for lack of jurisdiction. Appellant failed to respond to our order. Because the record does not contain an appealable order, we dismiss for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. art. 44.02; *Sellers*, 790 S.W.2d at 321 n.4; *Ragston*, 424 S.W.3d at 52.

PER CURIAM

DO NOT PUBLISH