

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00215-CR

Lee E. **COLLINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CR-6535
Honorable Velia J. Meza, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
           Patricia O. Alvarez, Justice
           Lori I. Valenzuela, Justice

Delivered and Filed: June 1, 2022

DISMISSED FOR LACK OF JURISDICTION

On April 11, 2022, appellant pro se filed a document titled "Appeal" that fails to identify what order appellant intends to appeal. The document is styled as a filing in the 226th Judicial District Court; however, the document was mailed to the Fourth Court of Appeals. It is unclear whether the document is intended to be a motion to be filed in the trial court or a notice of appeal to be filed in this court.

The clerk's record was filed on April 19, 2022. The clerk's record does not contain an appealable order. As a general rule, a criminal defendant's right of appeal is limited to an appeal

from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. art. 44.02; *see also State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under [article 44.02] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."). Moreover, "[t]he courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)).

The notice of appeal does not indicate what appellant intends to appeal, and the record does not reflect either a final appealable order or an interlocutory order on which an immediate appeal is authorized. In light of this apparent jurisdictional defect, on April 20, 2022, we ordered appellant to show cause, no later than May 4, 2022, why this appeal should not be dismissed for lack of jurisdiction. Appellant failed to respond to our order. Because the record does not contain an appealable order, we dismiss for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. art. 44.02; *Sellers*, 790 S.W.2d at 321 n.4; *Ragston*, 424 S.W.3d at 52.

PER CURIAM

DO NOT PUBLISH