

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00357-CR
### No. 10-22-00358-CR

**EARNEST JOHNSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court Nos. 18-5306-CRF-272**
**and 18-4253-CRM-272**

## MEMORANDUM OPINION

On October 31, 2022, we received the following documents from Earnest Johnson: a "Notice of Appeal," an "Application to Proceed Without Prepayment of Fees and Affidavit," and a "Subpoena Duces Tecum." We filed the documents in these criminal proceedings; however, Johnson was notified by letter from the Clerk of this Court, dated November 8, 2022, that it appeared that we lacked jurisdiction over these appeals because it appeared that there were no final judgments. The November 8, 2022 letter that was

sent in each of these causes further notified Johnson that the Court may dismiss the appeal unless, within fourteen days of the date of the letter, a response is filed showing grounds for continuing the appeal. The only response that we received from Johnson was a docketing statement that was filed on November 21, 2022.

Appeals in criminal cases are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Article 44.02 of the Code of Criminal Procedure provides: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal only from a final judgment. *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals therefore do not have jurisdiction to review interlocutory orders unless that jurisdiction has been otherwise expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

Based on the documents filed by Johnson, it appears that he is attempting to appeal from an interlocutory determination of incompetency to stand trial in each of the underlying causes. Article 46B.011 of the Code of Criminal Procedure expressly provides: "Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005." TEX. CODE CRIM. PROC. ANN. art.

46B.011.  Article 46B.005 concerns the determination of incompetency to stand trial.  *Id.* art. 46B.005.  We accordingly dismiss these appeals for want of jurisdiction.

Furthermore, Johnson's "Application to Proceed Without Prepayment of Fees and Affidavit" is dismissed as moot.  Appellate filing fees are not assessed against defendants in criminal appeals.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeals dismissed
Opinion delivered and filed November 30, 2022
Do not publish
[CR25]

