In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00126-CR
NO. 09-25-00127-CR
NO. 09-25-00128-CR
_____

**MASON HUNTER SKILLERN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause Nos. 23DC-CR-00979, 23DC-CR-00980, and 23DC-CR-01069**

_____

**MEMORANDUM OPINION**

Mason Hunter Skillern was convicted in Trial Cause Number 23DC-CR-00978. The judgment indicates his guilty plea in that case was the product of a plea bargain agreement where the State consented to the trial court's consideration of the unadjudicated offenses charged in Trial Cause Numbers 23DC-CR-00979, 23DC-CR-00980, and 23DC-CR-01069, thereby barring prosecution for the unadjudicated offenses. *See* Tex. Penal Code Ann. § 12.45. On April 9, 2025, Skillern filed notices

1

of appeal in all four cases. Through a notice issued by the Clerk of the Court, we questioned whether appealable orders had been signed in Trial Cause Numbers 23DC-CR-00979, 23DC-CR-00980, and 23DC-CR-01069, and we warned the parties that the appeals would be dismissed without further notice unless we received a response that established our appellate jurisdiction. Neither Skillern nor the State filed a response.

In criminal cases, the courts of appeals have jurisdiction only of those appeals authorized by a statute, such as article 44.02, which provides that a defendant in a criminal action has a right of appeal "under the rules hereinafter prescribed[.]" *See* Tex. Code Crim. Proc. Ann. art. 44.02. Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction. *See* Tex. R. App. P. 26.2(a) (establishing time for appeal by a defendant after a sentence is imposed in open court or the trial court signs an appealable order). A court of appeals lacks appellate jurisdiction to review an order before final judgment unless an interlocutory appeal is expressly provided by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Apolinar v. State*, 820 S.W.2d 792, 793 (Tex. Crim. App. 1991). Neither party has shown that the trial court has imposed sentence in open court or signed an order that may be appealed at this time. *See* Tex. R. App. P. 26.2(a). Accordingly, we dismiss the appeals for lack of jurisdiction. *See id.* 43.2(f).

APPEALS DISMISSED.

PER CURIAM

Submitted on June 17, 2025
Opinion Delivered June 18, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.