**Opinion issued April 30, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00557-CR

———————————

**KIMBERLY HRANICKY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1671636**

---

## MEMORANDUM OPINION

Charged with driving while intoxicated, by means of this interlocutory appeal, Kimberly Hranicky challenges the denial of her pre-trial motion to recuse the trial judge.

When the State and defense counsel informed the trial judge that they had reached a plea agreement, the trial judge allegedly informed the parties that it was his policy to assess jail time as a condition of community supervision in every DWI case involving a motor vehicle accident—regardless of the circumstances—and he would not accept a plea agreement in this case unless it complied with his policy. Hranicky filed a motion to recuse the trial judge, arguing that the judge's refusal to consider community supervision without jail time deprived her of due process of law because the judge was refusing to consider the full range of punishment. The trial judge denied the motion and referred the case to the administrative judge for assignment of another judge to hear the motion. The assigned judge held a hearing on Hranicky's motion, during which he heard arguments from Hrankicky's counsel[1] and admitted two affidavits—one from Hranicky and the other from her counsel—attesting to the trial judge's comments. The assigned judge denied the motion and Hranicky filed this interlocutory appeal.

This Court issued an order for Hranicky to show cause why her appeal should not be dismissed for lack of jurisdiction, citing to our previous opinion in *Means v. State*, 825 S.W.2d 260, 260–61 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (per curiam) (dismissing appeal from interlocutory order denying motion to recuse for lack of jurisdiction). Hranicky responded and filed an appellant's brief

---

[1] Neither the State nor the trial court judge was present at the hearing.

in which she argues that this Court has jurisdiction over her interlocutory appeal because it involves the denial of a motion to disqualify a trial judge on due process grounds. We disagree.

The right to appeal in a criminal case is a statutorily created right. TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). Generally, a criminal defendant may only appeal from a final judgment. *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Hranicky has failed to cite to any such statutory authority conferring upon this Court jurisdiction over an assigned judge's interlocutory denial of a motion to recuse. Indeed, nothing in the language of Rule of Civil Procedure 18a, which sets forth the procedures for recusal of judges in civil and criminal cases, or any Rule of Criminal Procedure provides a right to an interlocutory appeal from the denial of a motion to recuse—regardless of the grounds asserted for recusal. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (stating procedures for recusal of judges set out in Rule 18a of Texas Rules of Civil Procedure apply in criminal cases). To the contrary, Rule 18a(j)(1) expressly states: "An order denying a motion to recuse may be reviewed only for

3

abuse of discretion on appeal from the final judgment." TEX. R. CIV. PROC. 18a(j)(1).

Nevertheless, Hranicky argues that this Court should determine that we have jurisdiction over her interlocutory appeal based largely upon a U.S. Supreme Court opinion holding that criminal defendants have the right to appellate review of double jeopardy claims prior to trial on the merits. *See Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041 (1977); *see also Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982) (holding pretrial appellate review of double jeopardy claims is constitutionally compelled; citing *Abney*). Hranicky argues that the right to be tried by a judge free from bias should be accorded the same degree of protection.

According to Hranicky, because Texas Rule of Appellate Procedure 25.2(a)(2) requires a trial court to enter a Certification of Defendant's Right of Appeal each time it enters a judgment of guilt or "other appealable order," and neither the statutes nor rules of procedure places any limits on what constitutes an "appealable order," we should follow the Supreme Court's lead in *Abney* and find that the denial of a motion to recuse a judge on constitutional grounds constitutes an appealable order as a matter of state law. First, the Court of Criminal Appeals has repeatedly recognized that the rules of appellate procedure do not establish appellate jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim. App.

4

2006); *White v. State*, 61 S.W.3d 424, 427–28 (Tex. Crim. App. 2001); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). And we may not "us[e] an appellate rule to create jurisdiction where none exists." *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex. Crim. App. 2000) (concluding appellate rule of procedure 25.2(d), which allows a defendant to amend his notice of appeal, may not be used so as to create jurisdiction where none previously existed). Second, although the trial court certified that Hranicky had the right to appeal the denial of the motion, this, too, does not confer jurisdiction upon us. *Cf. State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (holding that agreement cannot create jurisdiction in absence of constitutional or statutory authority).

Finally, Hranicky argues that there is a compelling policy reason that favors interlocutory review in this case, namely, the conservation of judicial resources. Hranicky contends that because the Court of Criminal Appeals recognizes a criminal defendant's right to review the constitutional disqualification of a trial judge by a pre-trial writ of habeas corpus or motion for writ of mandamus, in limited cases, that we should assert jurisdiction over her interlocutory appeal. *See Ex parte Brown*, 158 S.W.3d 449, 451 (Tex. Crim. App. 2005) (habeas corpus); *De Leon*, 127 S.W.3d at 6–7 (holding that mandamus relief—which is generally not available with respect to denials of motions to recuse—is available when trial judge's bias against defense attorney established as matter of law). Neither of

5

these cases confers upon this Court jurisdiction over interlocutory appeals. In fact, *Ex Parte Brown* and *De Leon* demonstrate that Hranicky has alternative methods for challenging the denial of her motion to recuse. This comports with the Court of Criminal Appeals most recent opinion addressing this issue. *See Green v. State*, 374 S.W.3d 434, 437 (Tex. Crim. App. 2012) (stating appeal from denial of motion to recuse is improper because Rule 18a states that such orders "may be reviewed for abuse of discretion on appeal from the final judgment" and dismissing appeal from denial of motion to recuse for want of jurisdiction).

As this Court stated in *Means*, "[w]e have no jurisdiction to review interlocutory orders except in narrow circumstances not present here." 825 S.W.2d at 260–61; *see also Apolinar*, 820 S.W.2d at 794 (stating courts of appeals have no jurisdiction to review interlocutory orders in criminal appeals absent express statutory authority). Accordingly, we dismiss the appeal for want of jurisdiction.

## Conclusion

We dismiss for want of jurisdiction.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

6