COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| RODNEY RAMIREZ, | § | No. 08-15-00076-CR |
| Appellant, | § | Appeal from |
| v. | § | 327th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 59793 (900D08595)) |
| | § | |

## MEMORANDUM OPINION

Rodney Ramirez is attempting to appeal from a post-conviction order denying his "Motion for an Order of Notification to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division, of Trial Court entering Judgment Nunc Pro Tunc." Finding that this is not an appealable order, we dismiss the appeal for want of jurisdiction.

According to the trial court's order, Appellant was convicted of two counts of credit card abuse in 1991 in cause number 59793 (now 900D08595). Further, the order recites that cause number 59793 (900D08595) contains two *nunc pro tunc* judgments reflecting Appellant's convictions of two counts of credit card abuse (Counts I and II).[1] We affirmed his convictions

---

[1] In a prior case, our opinion stated that Appellant was convicted of Count I and made no mention of Count II. *Ex parte Rodney Ramirez*, No. 08-13-00194-CR, 2014 WL 173177 at *1 (Tex.App.--El Paso Jan. 15, 2014, no pet.). In that case, the writ application was directed exclusively at Count I.

on October 21, 1992. *See Ramirez v. State*, No. 08-91-00397-CR (Tex.App.--El Paso Oct. 21, 1992, pet. ref'd). Appellant has filed in this Court multiple challenges to these convictions. *See e.g., Ex parte Rodney Ramirez*, No. 08-13-00194-CR, 2014 WL 173177 (Tex.App.--El Paso Jan. 15, 2014, no pet.); *In re Ramirez*, No. 08-12-00352-CR, 2012 WL 6629828 (Tex.App.--El Paso Dec. 19, 2012, orig. proceeding); *In re Ramirez*, No. 08-12-00232-CR, 2012 WL 3100848 (Tex.App.--El Paso July 31, 2012, orig. proceeding); *In re Ramirez*, No. 08-10-00156-CR, 2010 WL 2619145 (Tex.App.--El Paso June 30, 2010, orig. proceeding). Most recently, Appellant filed a motion requesting the trial court to notify TDCJ-ID and the Board of Pardons and Parole that he was convicted of only one count of credit card abuse. In its order, the trial court noted that Appellant had attached to his motion a copy of only one of the two judgments. Expressly finding that Appellant was convicted of two counts of credit card abuse, the trial court denied the motion. Appellant filed notice of appeal.

On our own motion, we have raised the question whether we have jurisdiction of this appeal. The Texas Constitution provides that a court of appeals has jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6. Article 44.02 provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2006). Under Rule 25.2(a)(2), a defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and the Rules of Appellate Procedure. TEX.R.APP.P. 25.2(a)(2). Generally, a court of appeals only has jurisdiction to consider an appeal by a criminal defendant

where there has been a final judgment of conviction. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *see State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990)(noting the well-established rule that a defendant's general right to appeal under Article 44.02 is limited to appeal from a final judgment). We have jurisdiction over other types of criminal appeals only when "expressly granted by law." *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex.App.--Waco 2002, no pet.); *see Abbott v. State*, 271 S.W.3d 694, 697 (Tex.Crim.App. 2008); *Apolinar*, 820 S.W.2d at 794.

Appellant is attempting to challenge an order of the trial court denying his post-conviction motion to notify TDCJ-ID and the Board of Pardons and Parole that he was convicted of only one count of credit card abuse in 1991. We have not found any rule or statutory or constitutional provision authorizing an appeal of this type of order. Consequently, we dismiss the appeal for lack of jurisdiction. *See Abbott*, 271 S.W.3d at 697 (dismissing appeal from trial court's post-judgment order denying his time-credit motion).

May 15, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)