*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★

# OPINION

Nos. 04-08-00543-CR & 04-08-00544-CR

**IN RE SEARCH WARRANT SEIZURE**

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-W-0149 & 2008-W-0150
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
    Catherine Stone, Justice
    Sandee Bryan Marion, Justice

Delivered and Filed:    September 17, 2008

DISMISSED FOR LACK OF JURISDICTION

The State filed a notice of appeal seeking to appeal the orders issued in the underlying causes pursuant to article 18.12 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 18.12. Article 44.01(a) does not authorize the State to appeal an order issued pursuant to article 18.12. TEX. CODE CRIM. PROC. ANN. art. 44.01(a); *see also In re Cornyn*, 27 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding). Instead, article 44.01 provides that the State is entitled to appeal an order of a court in a criminal case if the order:

> (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;
>
> (2) arrests or modifies a judgment;
>
> (3) grants a new trial;
>
> (4) sustains a claim of former jeopardy;

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or

(6) is issued under Chapter 64.

TEX. CODE CRIM. PROC. ANN. art. 44.01 (a) (Vernon Supp. 2008).

On July 25, 2008, we ordered the State to show cause why these appeals should not be dismissed for lack of jurisdiction. The State responded and cited two cases in support of its assertion that article 44.01 was intended to extend to the State appellate powers akin to those that the United States Congress extended to the federal government in a criminal case. *See State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002); *State v. Moreno*, 807 S.W.2d 327 (Tex. Crim. App. 1991). Both *Moreno* and *Medrano* were interpreting the extent of authority expressly granted the State under article 44.01. *See Medrano*, 67 S.W.3d at 903 (holding State's authority to appeal an order granting a motion to suppress evidence extends to any pretrial motion to suppress evidence and is not limited to rulings that suppress "illegally obtained" evidence); *Moreno*, 807 S.W.2d at 332 (holding State's authority to appeal an order dismissing an indictment or information extends to any order concerning an indictment or information that effectively terminates the prosecution in favor of the defendant even if the order does not expressly recite that the cause is dismissed). Unlike section 3731 of the United State Code, however, which expressly authorizes an appeal of a trial court's order "requiring the return of seized property in a criminal proceeding," article 44.01 contains no similar language. *Compare* 18 U.S.C. § 3731 *with* TEX. CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp. 2008). Suppression of evidence and return of property are not the same relief. *State v. Thirty Thousand Six Hundred Sixty Dollars and No/100*, 136 S.W.3d 392, 404 (Tex.

App.—Corpus Christi 2004, pet. denied). While we agree that article 44.01 is to be liberally construed, we disagree that such construction can add language to the statute that is non-existent. Because the State's authority to appeal must be expressly authorized by statute, and article 44.01 does not authorize the State to appeal an order returning seized property, we do not have jurisdiction to consider these appeals. Accordingly, the appeals and the State's motions to stay and motion for reconsideration are dismissed for lack of jurisdiction.[1]

Alma L. López, Chief Justice

PUBLISH

---

[1]We note that the State's citation to *Potter County Attorney's Office v. Stars & Stripes Sweepstakes, L.L.C.*, 121 S.W.3d 460 (Tex. App.—Amarillo 2003, no pet.), in which the court held that county officials may appeal the denial of a plea to the jurisdiction in a civil suit, provides no support for its jurisdictional argument.