## IN RE GAMBLING DEVICES AND PROCEEDS

### No. 04–15–00357–CR

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: June 8, 2016

Oscar A. Vela, Jr., Law Offices of Oscar A. Vela, Jr., P.C., Nathan H. Chu, Laredo, TX, for Appellant.

David L. Reuthinger, Jr., Webb County District Attorney's Office, Laredo, TX, for Appellee.

Sitting: Karen Angelini, Justice, Marialyn Barnard, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Karen Angelini, Justice

On June 10, 2015, pursuant to article 18.13 of the Texas Code of Criminal Procedure, the trial court in Trial Court No. 2015CRP00775 D3 ordered that because no good cause supported a search warrant, the State was required to return items to the owners. The State appealed. Because we have no jurisdiction to hear an appeal of an order issued pursuant to article 18.13, we dismiss this appeal for lack of jurisdiction.

In February 2014, the Webb County Sheriffs Office began an investigation of two businesses ("Loop 20 Party Place" and "New Entertainment") that were allegedly engaging in gambling by paying their pa-

trons cash payouts from electronic slot machines commonly known as "eight-liners." During their investigation of these businesses, officers received cash payouts from playing the eight liners. They also believed based on their investigation that Appellee Khanh Nguyen was an operator of the businesses and that his family was associated with the alleged gambling enterprise. The officers sought a search warrant to search the two businesses and Nguyen's home located at 2831 Emory Loop, Laredo, Texas.

On October 28, 2014, the Honorable Monica Notzon, judge for the 111th Judicial District Court, signed a search warrant allowing agents of the State to search the two businesses and the home located at 2831 Emory Loop for electronic video gambling devices commonly known as "eight-liners"; any other gambling paraphernalia; any and all business records and documentation; "property, the possession of which is prohibited by law, namely money that is subject to forfeiture under chapter 18 of the Texas Code of Criminal Procedure"; and "surveillance recording devices, DVRs, computers, laptops, cell phones, tablets, and any electronic devices that may have any documentation relating to the operation of the illegal gambling...." On October 30, 2014, agents of the State searched and seized property found at 2831 Emory Loop, which included several smartphones, computers, cellular phones, personal tablets, a 2011 Toyota Sienna, a 2011 Chevrolet pick-up truck, seven Canadian Gold Coins, fourteen one-ounce gold-leaf bars, and $55,928.50 in U.S. currency. The search of the businesses yielded the seizure of various alleged gambling equipment, paraphernalia, and U.S. currency.

The State then filed a civil forfeiture action for the forfeiture of the two vehicles pursuant to chapter 59 of the Texas Code of Criminal Procedure. That cause was given Cause No.2014CVK002717 D1 and assigned to the 49th Judicial District Court. The State later nonsuited that cause on July 2, 2015. That suit is not the subject of this appeal.

On May 6, 2015, the State filed a second forfeiture petition pursuant to article 18.18(b) of the Texas Code of Criminal Procedure, which provides for the disposition of "gambling paraphernalia." TEX. CODE CRIM. PROC. ANN. art. 18.18(b) (West 2015). The State sought forfeiture of all the personal items found in the home located at 2831 Emory Loop and all other items found in the two businesses. Because the State had not proceeded with a criminal prosecution of any suspect, it filed the forfeiture action pursuant to subsection (b) and not subsection (a). *Compare id.* art. 18.18(a) (providing for forfeiture proceedings "[f]ollowing the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia"), *with id.* art. 18.18(b) (providing for forfeiture proceedings when "there is no prosecution or conviction following seizure"). The State's forfeiture action was filed in the 341st Judicial District Court and given Cause No.2015CVK001558 D3.

That same day, in Cause No.2015CRP000775 D2[1] in the 111th Judicial District Court, appellees filed a motion seeking the return of all personal property taken from their home pursuant to article 18.13 of the Texas Code of Criminal Procedure. Article 18.13 provides that if the magistrate is not "satisfied, upon investigation, that there was good ground for the

---

1. When the officers made a return of the search warrant to the 111 Judicial District Court, it was assigned a criminal search warrant cause number of 2015CR000775 D2.

issuance of the warrant, he shall discharge the defendant and order restitution of the property taken from him, except for criminal instruments." TEX. CODE CRIM. PROC. ANN. art. 18.13 (West 2015). Appellees did not claim an interest in any of the property seized from the two businesses. The motion was set for an evidentiary hearing on May 29, 2015. In response, the State filed a plea to the jurisdiction and a plea in abatement, arguing that because the article 18.18(b) forfeiture action (Cause No.2015CVK001558 D3) was filed first, the 341st Judicial District Court had dominant jurisdiction. At the hearing on May 29, 2015, Judge Notzon signed an order transferring the search warrant cause (Cause No.2015CRP000775 D2) to the 341st Judicial District Court.

On June 2, 2015, the Honorable Beckie Palomo, judge for the 341st Judicial District Court, signed an order "agree[ing] and accept[ing]" Cause No.2015CRP000775 D2 and "accept[ing] this case on the Court's own docket." Thus, at that point, the 341st Judicial District Court had both cause numbers, 2015CRP000775 D2 and 2015CVK001558 D3, on its docket. In Cause No.2015CRP000775 D2, the criminal search warrant cause, appellees' motion for return of property pursuant to article 18.13 was set for June 4, 2015. In the other article 18.18(b) forfeiture case, Cause No.2015CVK001558 D3, a hearing was set for June 29, 2015.

On June 4, 2015, the trial court held its evidentiary hearing in the criminal search warrant case, Cause No.2015CRP000775 D2. When the State reminded the trial court of the pending article 18.18(b) action in Cause No.2015CVK001558 D3, the trial court was very clear that the hearing would concern only the motion for return of property in Cause No.2015CRP000775 D2 filed pursuant to article 18.13 of the Texas Code of Criminal Procedure. On June 10, 2015, the trial court signed an order in Cause No.2015CRP000775 D2, which stated the following:

On this 5th day of June 2015 came to be heard on Interested Parties['] ... motion for evidentiary hearing as provided by article 18.13 of the Texas Code of Criminal Procedure.

After reviewing the pleadings on file, the search warrant and affidavit and State's witness, the Court ruled as stated below:

IT IS THEREFORE FOUND that there exist no good cause for the agents of the State to search and seize electronics, documents, U.S. currency, gold bars and coins, a maroon Toyota Van and Silver Chevy Silverado from 2831 Emory Loop, Laredo, Texas. (See attached return as Exhibit A for a detailed list of items to be returned).

IT IS THEREFORE ORDERED that the Webb County Sheriff s Office and the Webb County District Attorney's Office shall immediately return all electronics, documents, U.S. currency, gold bars and coins, a maroon Toyota van and Silver Chevy Silverado seized from 2831 Emory Loop and return it in the care of Interested Parties' attorney of record Nathan Henry Chu.

IT IS THEREFORE ORDERED that if any of the U.S. currency has been converted and deposited in a bank on behalf of the Webb County Sheriff's Office or the Webb County District Attorney's Office, that the agents of the Webb County Sheriff's Office or the Webb County District Attorney's Office shall immediately issue a cashier's check to the Interested Parties by and through their attorney of record Nathan Henry Chu an amount equal to the amount seized at 2831 Emory Loop, Laredo.

IT IS THEREFORE ORDERED that if there exist storage fees incurred on behalf of the State for the storage of: (1) maroon Toyota Van, and (2) Silver Chevy Silverado, that the Webb County Sheriff's Office or the Webb County District Attorney's Office pay those fees.

Exhibit A listed personal items found at 2831 Emory Loop like smartphones, flash drives, laptop computers, electronic tablets, digital video recorders, and U.S. currency. No eight-liners or other items found at the two businesses were ordered returned.

The State then filed a notice of appeal in both Cause No.2015CRP000775 D3[2] and 2015CVK001558 D3, stating the following:

NOW COMES THE STATE OF TEXAS, by and through her District Attorney ISIDRO R. ALANIZ, and gives this written notice of appeal to the trial court clerk. The State wishes to appeal the 341st District Court's order of June 10, 2015 under search-warrant cause number 2015CRP000775 D3 ordering the return of seized property that is the subject of forfeiture petitions pending under cause number 2015CVK001558 D3 in that Court. This appeal is not being taken for the purpose of delay.

It is unclear why the State filed notices of appeal in both trial court cause numbers.[3] With regard to the State's article 18.18(b) action filed in 2015CVK001558 D3, there is no order signed by the trial court from which the State could appeal. Thus, with respect to an appeal from 2015CVK001558 D3, the State's appeal is dismissed for lack of jurisdiction.

■ With respect to the trial court's order in Cause No. 2015CRP000775 D3, appellees have filed a motion to dismiss, arguing that this court lacks jurisdiction to hear this appeal. We agree with appellees. Article 44.01(a) of the Texas Code of Criminal Procedure grants the State a limited right of appeal:

The State is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy;

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or

(6) is issued under Chapter 64.

TEX.CODE CRIM. PROC. ANN. art. 44.01(a) (West Supp.2015).

This court has previously explained that "the State's authority to appeal must be expressly authorized by statute" and that article 44.01 "does not authorize the State to appeal an order returning seized property." *See In re Search Warrant Seizure,*

---

**2.** The State in its brief states that after the search warrant case was transferred to the 341st Judicial District Court, the cause number was changed from 2015CRP000775 D2 to 2015CRP000775 D3. The appellate record does not indicate when or why the cause was changed from "D2" to "D3".

**3.** We note that there is nothing in the appellate record to indicate that these two cause numbers were consolidated by the trial court. The record reflects that both cause numbers were pending on the docket of the 341st Judicial District Court; however, nothing indicates that the trial court officially consolidated these cause numbers.

273 S.W.3d 398, 400 (Tex.App.—San Antonio 2008, pet. ref'd). Therefore, we held that we did not have jurisdiction to consider the appeal. *Id.* Similarly, here, in its order in the criminal search warrant cause (Cause No.2015CRP000775 D3), the trial court explicitly states that it is ruling on the appellees' motion for return of property as provided by article 18.13 of the Texas Code of Criminal Procedure. Article 44.01 does not grant the State the right to appeal a trial court's order pursuant to article 18.13. Because nothing in article 44.01 grants the State the right to appeal under these circumstances, we must dismiss the State's appeal for lack of jurisdiction.

■■■ Alternatively, the State requests that we treat its appeal as a petition for writ of mandamus, arguing that the trial court did not have authority to issue its order. Mandamus provides extraordinary relief and is available in a criminal case only if the act sought to be compelled is ministerial rather than discretionary, and the party has no adequate remedy by appeal. *Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548 (Tex.Crim.App.1987); *In re McCrum*, No. 04–14–00047–CR, 2014 WL 783445, at *2 (Tex.App.—San Antonio 2014, orig. proceeding) (not designated for publication). An "act is 'ministerial' if it constitutes a duty clearly fixed and required by law.... [A] 'ministerial' act is one which is accomplished without the exercise of discretion or judgment." *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex.Crim.App.1987) (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Crim.App.1987)) (alterations in original). This requirement of a ministerial duty is sometimes discussed in terms of a trial court's authority or jurisdiction. "If a trial judge lacks authority or jurisdiction to take particular action, the judge has a 'ministerial' duty to refrain from taking

that action, to reject or overrule requests that he take such action, and to undo the action if he has already taken it." 43B Dix & Schmolesky, Tex. Prac. § 61:29 (2011). For example, the Texas Court of Criminal Appeals has held that if the time in which a new trial can be granted has expired, a judge who receives a motion for new trial has a ministerial duty to overrule or dismiss it. *Godfrey*, 739 S.W.2d at 48–50.

Here, the State argues the trial court had no authority to return the property at issue because they were "criminal instruments." Article 18.13 provides,

> If the magistrate be not satisfied, upon investigation, that there was good ground for the issuance of the warrant, he shall discharge the defendant and order restitution of the property taken from him, *except for criminal instruments.* In such case, the criminal instruments shall be kept by the sheriff subject to the order of the proper court.

Tex.Code Crim. Proc. Ann. art. 18.13 (West 2015) (emphasis added). The State points to article 18.18's definition of "criminal instrument", which is "anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made or adapted for use in the commission of an offense." Tex. Penal Code Ann. § 16.01(b)(1) (West Supp.2015); *see* Tex.Code Crim. Proc. Ann. art. 18.18(g)(1) (West 2015) ("For purposes of this article: (1) 'criminal instrument' has the meaning defined in the Penal Code...."). Thus, although there has been no criminal conviction relating to the property in this case and although there has been no final adjudication of the article 18.18 proceeding, the State argues the trial court lacked authority to return the property pursuant to article 18.13 simply because the State's article 18.18 proceeding was pending. The State cites no specific authority in support of this argument. We

decline to find that the trial court lacked authority to issue its order; therefore, mandamus would be inappropriate in this case.

For the reasons stated above, appellees' motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction.