

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-17-00380-CR**

**IN RE JOSEPH CLYDE FORD**

**Original Proceeding**

**O P I N I O N**

Joseph Clyde Ford has been forced through a procedural quagmire that is difficult to imagine, much less summarize. The question is, presuming the trip through the quagmire was in error, whether this Court, or some other court, has the jurisdiction to fix it. We have concluded that we only have jurisdiction by a petition for writ of mandamus to order the trial court to vacate the last order it has rendered in a series of orders and judgments. What happens next, like the procedural development of this proceeding, is anything but clear.

**PROCEDURAL HISTORY**

We believe it is necessary to review some of the procedural history of this proceeding; but first, an overview is helpful to understand where we are going. The

genesis of the problem started with Ford's conviction in March, 1992. The judgment for that conviction is at the heart of this proceeding. The fundamental question is whether the 1992 judgment was for a third degree or second degree felony. According to Ford, the difference is significant because the sex offender registration requirements would be for 10 years if it was a third degree felony, or life if it was a second degree felony. Moreover, according to Ford, if the offense was a third degree felony, he could not be subject to prosecution for failing to register as a sex offender after 2002.[1]

Now we turn to some additional procedural details. There have been three nunc pro tunc judgments rendered in this case since 1992. Then, most recently, an order was rendered that purports to vacate the last two of those judgments and revive the first nunc pro tunc judgment. Specifically, in 2014, 22 years after the entry of the original judgment, the trial court rendered the first nunc pro tunc judgment. The 2014 judgment purported to change the offense level from a third degree felony to a second degree felony. In 2016, the trial court rendered the second nunc pro tunc judgment. The 2016 judgment purports to change the offense level from a second degree felony back to a third degree felony.

In early 2017, the trial court rendered a third nunc pro tunc judgment which purports to change a citation of the specific statute Ford was convicted of violating. The statute cited in the 2016 nunc pro tunc judgment was section 22.11(a)(1) of the Texas Penal

---

[1] Because the exact nature of the sex offender requirements are unnecessary to the resolution of this appeal, we express no opinion as to the accuracy of Ford's representations.

Code, sexual assault by contact, which is a second degree felony, notwithstanding that the judgment recited that the offense level was a third degree felony. The change in the early 2017 nunc pro tunc judgment was to change the statutory reference to section 22.11(a)(2), sexual assault by exposure, which is consistent with the recitation in the 2016 judgment that the conviction was for a third degree felony.

After the rendition of the third nunc pro tunc judgment, the State of Texas moved for a reconsideration of the second and third nunc pro tunc judgments.[2] In late 2017, the trial court signed an order which purported to order the second and third nunc pro tunc judgments "vacated" and breathe new life into the 2014 nunc pro tunc judgment. It is this late 2017 order that Ford attacks in this proceeding. We specifically note that the trial court did not sign a fourth nunc pro tunc judgment.

**OUR APPELLATE JURISDICTION**

Now we must look at some specific dates as necessary to determine whether the trial court had jurisdiction to render the late 2017 order. The third judgment nunc pro tunc was signed on January 10, 2017. The State's motion to reconsider that judgment was filed on March 6, 2017. A hearing on the State's motion was set for, and was held on, April 12, 2017. The trial court's order that purported to vacate the January 10, 2017 nunc

---

[2] Although titled as a motion for reconsideration, the motion is essentially a motion for "new trial" and will be treated as such. Further, in discussing the timeliness of the actions taken, we will discuss only the time from the date the trial court signed the third nunc pro tunc judgment.

pro tunc judgment was not signed until October 18, 2017.[3]

Ford attacks the October 18, 2017 order, in part, because the State waited too long to complain about the January 10, 2017 judgment. Ford is correct, as far as that argument takes him, but there remains a plethora of issues that we cannot address in this proceeding.

That we have jurisdiction to review a modification made in a nunc pro tunc judgment that is adverse to the appellant has been well-established by Court of Criminal Appeals' precedent. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012). But the order the trial court signed in late 2017 is not a nunc pro tunc judgment. The October 18, 2017 order is just that, an order in response to a motion for reconsideration brought to modify or vacate the trial court's January 10, 2017 judgment. We do not have a judgment nunc pro tunc in front of us for review. *See Guthrie-Nail v. State*, 543 S.W.3d 225, 227 (Tex. Crim. App. 2018) (Oral ratification of a prior nunc pro tunc judgment is not an appealable order; trial court must "enter" a new nunc pro tunc judgment which would be appealable.).

Jurisdiction must be expressly given to the courts of appeals. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The standard for determining jurisdiction is not

---

[3] There was a letter from the trial court to the parties which announced how the trial court would rule and that he would sign an order to that effect when prepared. This Court has determined that language in the letter indicating a future action to be taken for signature of the ruling makes it clear that the letter is not intended as the formal ruling or judgment of the court. *See In re Johnson*, No. 10-17-00320-CV, ___ S.W.3d ___, 2018 Tex. App. LEXIS 2071 (Tex. App.—Waco Mar. 21, 2018) (orig. proceeding).

whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696 (Tex. Crim. App. 2008). We have not found any rule or any statutory or constitutional provision that would authorize Ford's appeal from the trial court's October 18, 2017 order. Accordingly, the order is not appealable, and we have no jurisdiction to entertain Ford's appeal.

**OUR MANDAMUS JURISDICTION**

However, Ford has asked that if we determine the October 18, 2017 order to not be an appealable order, we consider his attack to be a petition for a writ of mandamus. Following the lead of both the Court of Criminal Appeals and the Texas Supreme Court, we agree to consider Ford's appeal as a petition for writ of mandamus. *See Houlihan v. State*, 579 S.W.2d 213, 217 (Tex. Crim. App. 1979). *See also CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011).

*Requirements*

In criminal cases, the test for determining whether mandamus relief is appropriate requires the relator to establish both: (1) that there is no adequate remedy at law to redress the alleged harm; and (2) that the act sought to be compelled is ministerial, not involving a discretionary or judicial decision. *State v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

*Adequate Remedy*

We have already held that we cannot review Ford's appeal. But is a post-

conviction writ of habeas corpus, through which an applicant seeks relief from a felony judgment, an adequate remedy at law for Ford? In some cases, a remedy at law may technically exist but may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate. *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987). Even if a writ of habeas corpus was technically a remedy for Ford, the underlying issue here is whether Ford had to register as a sex offender for 10 years or for life. A writ of habeas corpus would not, at this point in time, solve Ford's issue. *See* TEX. CODE CRIM PROC. ANN. art. 11.07, sec. 1 (West 2015); *In re McCann*, 422 S.W.3d 701, 710-11 (Tex. Crim. App. 2013) (noting that relator had no adequate remedy at law even though he could seek relief from his order for contempt through a writ of habeas corpus because it would not resolve the underlying issue in the case). Accordingly, we hold Ford has no adequate remedy at law.

*Ministerial Duty*

As for the second requirement, an act is "ministerial" if it constitutes a duty clearly fixed and required by law and is accomplished without the exercise of discretion or judgment. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987). This requirement is sometimes discussed in terms of a trial court's authority or jurisdiction. *In re Gambling Devices & Proceeds*, 496 S.W.3d 159, 164 (Tex. App.—San Antonio 2016, pet. ref'd). If a trial judge lacks authority or jurisdiction to take a particular action, the judge has a ministerial duty to refrain from taking that action, to reject or overrule requests that

he take such action, and to undo the action if he has already taken it. *Id*.

The October 18, 2017 order resulted from a motion for reconsideration filed by the State. Although the order reads like Ford filed the motion, he did not. The motion, in response to the third judgment nunc pro tunc signed on January 10, 2017, was not filed until 55 days after the judgment was rendered. A motion, such as the one submitted by the State in this case, must be filed within 30 days to extend the time in which the trial court may reconsider the earlier judgment. *See* TEX. R. APP. P. 21.4. Because the State filed its motion after the expiration of 30 days, the trial court had no authority to entertain the motion. *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987).

Moreover, the trial court's order that purports to vacate the January 10, 2017 nunc pro tunc judgment was not signed until 281 days had passed, October 18, 2017. By that time, even if the State had timely filed its motion, any authority the trial court had to change, modify, vacate, or amend the judgment had long since expired. *See* TEX. R. APP. P. 21.8(a), (c); *Baker v. State*, 956 S.W.2d 19, 25 (Tex. Crim. App. 1997). Thus, because the trial court had no authority to render an order purporting to vacate its January 10, 2017 judgment after 30 days from the time the judgment was signed, absent a timely motion for rehearing and only then within 75 days to rule, the trial court has a ministerial duty to withdraw its October 18, 2017 order purporting to set aside the January 10, 2017 judgment. Ford has met the second criteria for relief by a petition for writ of mandamus. *See State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 48 (Tex. Crim. App. 1987); *In re Gambling*

*Devices & Proceeds*, 496 S.W.3d 159, 164 (Tex. App.—San Antonio 2016, pet. ref'd).

**CONCLUSION**

Accordingly, we conditionally grant the petition for writ of mandamus and order the trial court to withdraw its October 18, 2017 order.  The writ will issue only if the trial court fails to comply with the relief ordered within 14 days from the date of this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition conditionally granted
Opinion delivered and filed June 27, 2018
Publish
[OT06]

