

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-20-00085-CR

_____

**CHRISTOPHER KEITH SCHMOTZER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 09-01287-CRF-85**

_____

## MEMORANDUM OPINION

_____

Christopher Schmotzer was convicted of murder.  The trial court's judgment was signed July 8, 2010.  He appealed.  His conviction was affirmed by this Court on October 12, 2011.  His petition for discretionary review was refused by the Court of Criminal Appeals on February 15, 2012.  His petition for a writ of certiorari was denied by the United States Supreme Court on October 1, 2012.  Since that date, Schmotzer has engaged in extensive post-conviction collateral attacks on his conviction and other post-conviction proceedings such as proceedings to obtain DNA testing under Chapter 64 of the Code of Criminal Procedure.

Schmotzer now appeals the trial court's denial of his Motion for Brady Evidence which was signed on February 11, 2020. By letter dated March 6, 2020, the Clerk of this Court notified Schmotzer that his appeal was subject to dismissal because it appeared that the trial court's Order was not a final, appealable order, and thus, the Court has no jurisdiction of this appeal. *See* TEX. R. APP. P. 26.2; 44.3. Schmotzer was warned that the appeal would be dismissed unless, within 14 days from the date of the letter, a response was filed explaining how the Court has jurisdiction of this appeal.

Schmotzer has responded, but his explanation does not establish that this Court has jurisdiction of his appeal. Jurisdiction must be expressly given to the courts of appeals. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *In re Ford*, 553 S.W.3d 728, 731 (Tex. App.—Waco 2018, orig. proceeding). The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696 (Tex. Crim. App. 2008); *Ford*, 553 S.W.3d at 731. We have not found any rule or any statutory or constitutional provision that would authorize Schmotzer's appeal from the trial court's February 11, 2020 order.

Accordingly, the order is not appealable, and we have no jurisdiction to entertain Schmotzer's appeal. The appeal must be, and is, dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Appeal dismissed
Opinion delivered and filed April 8, 2020
Do not publish
[CR25]

