

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00243-CR

## EX PARTE HAROLD EDWARD EVANS, IV

**From the 361st District Court
Brazos County, Texas
Trial Court No. 18-04294-CRF-361**

## OPINION

On September 10, 2020, Harold Evans filed a notice of appeal with the trial court clerk, stating that he desires to appeal from "the May 11, 2020 Order denying a [pretrial] writ of habeas corpus and Defendant's Motion to Dismiss." We will dismiss this appeal for want of jurisdiction.

Jurisdiction must be expressly given to the courts of appeals. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *In re Ford*, 553 S.W.3d 728, 731 (Tex. App.—Waco 2018, orig. proceeding). The standard for determining jurisdiction is not whether the

appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); *Ford*, 553 S.W.3d at 731.

Article 44.02 of the Code of Criminal Procedure provides, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals therefore do not have jurisdiction to review interlocutory orders unless that jurisdiction has been otherwise expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

We have not found any rule or any statutory or constitutional provision that would authorize Evans's appeal from the trial court's May 11, 2020 interlocutory order denying his motion to dismiss. Accordingly, the order is not appealable, and we have no jurisdiction to entertain Evans's appeal from the order. *See id.*

The denial of a pretrial habeas corpus writ application, however, is considered a final appealable order. *See Greenwell v. Court of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005). The right to immediately appeal occurs because the habeas proceeding is considered a separate "criminal action" under Code of Criminal Procedure article 44.02, and the denial of relief therefore marks the end of the trial stage of that criminal action and the commencement of the timetable for appeal. *Id.* The immediate appeal from the denial of relief in a habeas corpus proceeding is thus

permitted even though an immediate appeal is *not* permitted when the same claim is raised only in a pretrial motion to dismiss. *See id.*

To perfect an appeal from the trial court's denial of an application for writ of habeas corpus, a notice of appeal must generally be filed within thirty days after the day the trial court "enters an appealable order." *See* TEX. R. APP. P. 26.2(a)(1); *Ex parte Matthews*, 452 S.W.3d 8, 10 (Tex. App.—San Antonio 2014, no pet.). It has been held that "entered" by the court means a signed, written order. *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.) (mem. op.).

Here, the trial court clerk has informed the Court that there is no separate, signed order denying Evans's application for writ of habeas corpus, and a ruling on a pretrial motion to dismiss is not tantamount to a ruling in a pretrial habeas action. *See Greenwell*, 159 S.W.3d at 650. Because there is no final order denying Evans's application for writ of habeas corpus to be appealed, we therefore lack jurisdiction to entertain Evans's appeal from such order. *See id.* Moreover, even if we construed the trial court's May 11, 2020 order denying Evans's motion to dismiss as an order also denying his application for writ of habeas corpus, Evans's notice of appeal was not timely filed. *See* TEX. R. APP. P. 26.2(a)(1); *Matthews*, 452 S.W.3d at 10. Thus, we would still have no option but to dismiss Evans's appeal from the order for lack of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction.").

For the foregoing reasons, we dismiss this appeal for want of jurisdiction.

Notwithstanding that we are dismissing this appeal, Evans may file a motion for rehearing with this Court within fifteen days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1.  If Evans desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court.  *See* TEX. R. APP. P. 68.2(a).

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Dismissed
Opinion delivered and filed September 23, 2020
Publish
[CR25]

