

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00015-CR

**DARRELL WAYNE INGRAM,**

**Appellant**

 **v.**

**THE CITY OF ITASCA, TEXAS,**

**Appellee**

**From the Itasca Municipal Court**
**Hill County, Texas**
**Trial Court No. DU 11 1820**

**&**

### No. 10-22-00016-CR

### IN RE DARRELL WAYNE INGRAM

**Original Proceeding**

## MEMORANDUM  OPINION

In Cause No. 10-22-00016-CR, Darrell Wayne Ingram, acting *pro se*, has filed a petition for writ of mandamus seeking to compel the Hill County District Clerk to file and transmit a copy of Ingram's "motion to enter a plea of guilty for time served on tickets/court fines & fees" to the Itasca Municipal Court to be addressed on the merits. Ingram has also filed a "Notice of Appeal" in which he states that he moves this Court "to file this his motion for notice of appeal, pursuant to Rule 25(b), Tex. R. App. Proc." The notice of appeal has been filed in Cause No. 10-22-00015-CR. Ingram states in his petition for writ of mandamus that he "moves this Court to acknowledge the fact that he did file his motion for notice of appeal in support to give this Court jurisdiction to hear his 'motion to enter a plea of guilty for time served on tickets/court fines & fees.'"

We begin by addressing Ingram's petition for writ of mandamus. We do not have jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221(a), (b). Ingram has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. Accordingly, Ingram's petition for writ of mandamus is dismissed for want of jurisdiction.

We now turn to Ingram's appeal. Jurisdiction must be expressly given to the courts of appeals. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *In re Ford*, 553 S.W.3d 728, 731 (Tex. App.—Waco 2018, orig. proceeding). The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App.

2008); *Ford*, 553 S.W.3d at 731.  Generally, a criminal defendant may only appeal from a final judgment.  *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."); TEX. GOV'T CODE ANN. § 30.00014(a) ("A defendant has the right of appeal from a judgment or conviction in a municipal court of record.").

Here, Ingram's notice of appeal fails to identify any judgment or order from which he desires to appeal, and his petition for writ of mandamus indicates that there is no appealable order or final judgment from which he may appeal.  Accordingly, Ingram's appeal is dismissed for want of jurisdiction.

Notwithstanding that we are dismissing this appeal, Ingram may file a motion for rehearing with this Court within 15 days after this opinion and judgment are rendered if he believes this opinion and judgment are erroneously based on inaccurate information or documents.  *See* TEX. R. APP. P. 49.1.  Moreover, if Ingram desires to have the opinion and judgment of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court.  *See id.* R. 68.2(a).


MATT JOHNSON
Justice


Ingram v. City of Itasca                                                                                    Page 3

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Petition dismissed, appeal dismissed
Opinion delivered and filed February 2, 2022
Do not publish
[OT06]

