

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00029-CR
### No. 10-22-00030-CR

**DAVID WESLEY COWDEN,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court Nos. DC-F202200026
and DC-F202200027**

## MEMORANDUM  OPINION

In each of these two causes, Appellant David Wesley Cowden attempts to appeal from the trial court's January 13, 2022 order denying his motion to dismiss under article 32.01 of the Code of Criminal Procedure.  We will dismiss these appeals for want of jurisdiction.

Jurisdiction must be expressly given to the courts of appeals.  *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *In re Ford*, 553 S.W.3d 728, 731 (Tex. App.—Waco

2018, orig. proceeding). The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *Ford*, 553 S.W.3d at 731.

Article 44.02 of the Code of Criminal Procedure provides, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals therefore do not have jurisdiction to review interlocutory orders unless that jurisdiction has been otherwise expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

We have not found any rule or any statutory or constitutional provision that would authorize Cowden's appeals from the trial court's January 13, 2022 interlocutory order denying his motion to dismiss. Accordingly, the order is not appealable, and we have no jurisdiction to entertain Cowden's appeals from the order. *See id.*

Notwithstanding that we are dismissing these appeals, Cowden may file a motion for rehearing with this Court within fifteen days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If Cowden desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court. *See id.* R. 68.2(a).

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Dismissed
Opinion delivered and filed February 16, 2022
Do not publish
[CR25]

