

# IN THE
# TENTH COURT OF APPEALS

No. 10-24-00293-CR
No. 10-24-00294-CR

**EARNEST JOHNSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court Nos. 18-05306-CRF-272**
**and 18-04253-CRM-272**

## MEMORANDUM  OPINION

In each of these two causes, Appellant Earnest Johnson filed a notice of appeal in which he stated that he was appealing from "a final judgment of Guilty"; however, there are no final judgments in these cases.  Therefore, we will dismiss these appeals for want of jurisdiction.

Jurisdiction must be expressly given to the courts of appeals. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *In re Ford*, 553 S.W.3d 728, 731 (Tex. App.—Waco

2018, orig. proceeding). The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *Ford*, 553 S.W.3d at 731.

Article 44.02 of the Code of Criminal Procedure provides, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals therefore do not have jurisdiction to review interlocutory orders unless that jurisdiction has been otherwise expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

Here, the trial court clerk has informed the Court that there are no final judgments in these cases. We therefore lack jurisdiction to entertain these appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Sellers*, 790 S.W.2d at 321 n.4.

In letters dated September 24, 2024, the Clerk of the Court notified Johnson that these appeals were subject to being dismissed because they did not appear to be appeals from final judgments. The Clerk of the Court further notified Johnson that unless he showed grounds for continuing these appeals within fourteen days of the date of the letters, the appeals would be dismissed. Johnson has filed a response, but he has not shown grounds for continuing these appeals.

For these reasons, these appeals are dismissed for want of jurisdiction.

MATT JOHNSON
Justice

Before Chief Justice Gray*,
     Justice Johnson, and
     Justice Smith
*(Chief Justice Gray dissents.)
Dismissed
Opinion delivered and filed October 24, 2024
Do not publish
[CR25]

