COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

RODNEY RAMIREZ,                                    No. 08-19-00131-CR

§

         Appellant,                                 Appeal from the

v.                                                 §

                                       243rd District Court

THE STATE OF TEXAS,                                §

                                     of El Paso County, Texas

         Appellee.                                 §

                                     (TC# 890D001117)

§

## <u>MEMORANDUM OPINION</u>

Appellant, Rodney Ramirez, is attempting to appeal from a nunc pro tunc judgment of conviction and an order denying his motion to declare him actually innocent. Finding that we do not have jurisdiction, we dismiss the appeal.

### FACTUAL BACKGROUND

In 1989, Appellant waived his right to a jury trial and entered a plea of guilty to the third-degree offense of theft over $750 but under $20,000, and the court sentenced him to serve six years in the Texas Department of Corrections.[1] The trial court dismissed the two remaining counts, burglary of a habitation and burglary of a building. Appellant asserts that the original judgment erroneously reflected that he had been convicted of burglary of a habitation, a first-degree felony,

---

[1] The case was styled *The State of Texas v. Rodney Ramirez* and numbered 890D001117. In an effort to determine whether we have jurisdiction of this appeal, we have reviewed the District Clerk's record of the case available online. *See* TEX.R.EVID. 201(b), (c)(1).

rather than third-degree theft.[2]  The District Clerk's Office forwarded a nunc pro tunc judgment of conviction, signed by the trial court on April 20, 1990, reflecting that Appellant was convicted of theft over $750 but less than $20,000.

Even though the burglary of a habitation charge was dismissed, Appellant filed a "Motion for Declaration of Actual Innocence" of the offense.  The trial court recited in its order denying the motion that the clerical staff at the Texas Department of Criminal Justice-Institutional Division erroneously entered in TDCJ-ID's records that Appellant had been convicted of burglary of a habitation, a first-degree felony.  The error in the TDCJ-ID records was eventually corrected through the efforts of both Appellant and the former judge of the trial court.  Appellant nevertheless asserted that because of the numerous clerical and administrative errors in classifying the offense for which he had been convicted, he was entitled to a declaration of actual innocence for the offense of burglary of a habitation.  The trial court denied the motion and Appellant filed notice of appeal. The Clerk of the Court sent Appellant notice of the Court's intent to dismiss the appeal for lack of jurisdiction unless Appellant could establish grounds for continuing the appeal.  Appellant filed a response arguing that the trial court's order is appealable and he is also permitted to appeal a nunc pro tunc judgment.

## JURISDICTION

The Texas Constitution provides that a court of appeals has jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6.  Article 44.02 provides that "[a] defendant in any criminal action has the right of appeal under the rules

---

[2]  The District Clerk's Office provided us with a nunc pro tunc judgment of conviction reflecting that Appellant was convicted of theft over $750 but less than $20,000.  We have not been provided with a copy of the original judgment entered in 1989.

2

hereinafter prescribed...." TEX.CODE CRIM.PROC.ANN. art. 44.02. Under Rule 25.2(a)(2), a defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and the Rules of Appellate Procedure. TEX.R.APP.P. 25.2(a)(2). Generally, a court of appeals only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *see State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990)(noting the well-established rule that a defendant's general right to appeal under article 44.02 is limited to appeal from a final judgment). We have jurisdiction over other types of criminal appeals only when "expressly granted by law." *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex.App.--Waco 2002, no pet.); *see Abbott v. State*, 271 S.W.3d 694, 697 (Tex.Crim.App. 2008); *Apolinar*, 820 S.W.2d at 794.

Appellant is correct that a nunc pro tunc judgment is an appealable order. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex.Crim.App. 2012). Appellant's notice of appeal was due to be filed within thirty days after the trial court signed the nunc pro tunc judgment. *See* TEX.R.APP.P. 26.2(a)(1). The trial court signed the nunc pro tunc judgment on April 20, 1990. Appellant's notice of appeal filed on May 6, 2019 is untimely. Therefore, we do not have jurisdiction of Appellant's attempted appeal of the nunc pro tunc judgment.

Appellant is also attempting to challenge the trial court's order denying Appellant's motion for a declaration of actual innocence. Appellant argues that the trial court had jurisdiction to declare him actually innocent pursuant to section 103.001 of the Civil Practice and Remedies Code, and the trial court's order refusing to grant that relief is an appealable order. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 103.001.

Chapter 103 of the Civil Practice and Remedies Code prescribes an administrative procedure for a claimant to obtain compensation for wrongful imprisonment in Texas.

3

TEX.CIV.PRAC. & REM. CODE ANN. §§ 103.001-.154. A person seeks relief under Chapter 103 by filing an application with the Comptroller. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 103.051. If the Comptroller denies the application, the claimant may pursue mandamus relief in the Texas Supreme Court. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 103.051(e).

We have reviewed Chapter 103 and do not find any provision which could be interpreted as providing a court with jurisdiction to declare a convicted defendant actually innocent of the offense. Section 103.001 provides that a person is entitled to compensation if:

(1) the person has served in whole or in part a sentence in prison under the laws of this state; and

(2) the person:

(A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced;

(B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or

(C) has been granted relief in accordance with a writ of habeas corpus and:

(i) the state district court in which the charge against the person was pending has entered an order dismissing the charge; and

(ii) the district court's dismissal order is based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and, either in the motion or in an affidavit, the state's attorney states that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced.

TEX.CIV.PRAC. & REM. CODE ANN. § 103.001(a)(1), (2).

Thus, the statute contemplates that the person seeking compensation must first obtain a pardon or habeas corpus relief establishing his innocence. It does not create a procedure for a convicted person to obtain a declaration that he is actually innocent of the charge. Further, Chapter

4

103 does not provide for a direct appeal of an adverse ruling. Because we have not found any rule or statutory or constitutional provision authorizing an appeal of this type of order, we dismiss the appeal for lack of jurisdiction. *See Abbott*, 271 S.W.3d at 697 (dismissing appeal from trial court's post-judgment order denying appellant's time-credit motion).

GINA M. PALAFOX, Justice

June 5, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)