COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ERIC FLORES, | | No. 08-19-00191-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20110D01621) |
| | § | |

## MEMORANDUM OPINION

Eric Flores is attempting to appeal from the 120th District Court's alleged refusal to consider a post-conviction motion. According to his notice of appeal, the trial court has refused to address a post-conviction motion challenging Appellant's conviction of burglary of a building in cause number 20110D01621. We recently dismissed another appeal by Appellant related to this same motion. *See Eric Flores v. State*, Cause No. 08-19-00177-CR, 2019 WL 3001519 (Tex.App.—El Paso July 10, 2019, no pet. h.). We dismiss the attempted appeal for lack of jurisdiction.

The Texas Constitution provides that a court of appeals has jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6. Article 44.02 provides that "[a] defendant in any criminal action has the right of appeal under the rules

hereinafter prescribed . . . ." TEX.CODE CRIM.PROC.ANN. art. 44.02. Under Rule 25.2(a)(2), a defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and the Rules of Appellate Procedure. TEX.R.APP.P. 25.2(a)(2). Generally, a court of appeals only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *see State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990)(noting the well-established rule that a defendant's general right to appeal under Article 44.02 is limited to appeal from a final judgment). We have jurisdiction over other types of criminal appeals only when "expressly granted by law." *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex.App.—Waco 2002, no pet.); *see Abbott v. State*, 271 S.W.3d 694, 697 (Tex.Crim.App. 2008); *Apolinar*, 820 S.W.2d at 794.

On May 18, 2017, we issued an opinion and judgment affirming Appellant's conviction of burglary of a building in cause number 20110D01621. *See Eric Flores v. State*, 08-16-00025-CR, 2017 WL 2180705 (Tex.App.—El Paso May 18, 2017, pet. ref'd). The trial court's alleged refusal to rule on Appellant's post-conviction motion is not an appealable order. Accordingly, we dismiss the appeal for lack of jurisdiction.

August 7, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)