COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ROY EARL DOWNS, JR., | § | No. 08-20-00196-CR |
| Appellant, | § | Appeal from the |
| v. | § | 143rd District Court |
| THE STATE OF TEXAS, | § | of Ward County, Texas |
| Appellee. | § | (TC# 96-01-3823-CRW) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Appellant Roy Earl Downs, Jr., pro se, is attempting to appeal the denial of his request for a judgment nunc pro tunc. We dismiss for want of jurisdiction.

On September 1, 2020, the trial court reviewed "Movant's Nunc Pro Tunc to correct the Court Reporter's trial record" and issued an order denying the motion because "[i]t is of this Court's opinion that nothing was omitted from the trial record . . . ."

Generally, a court of appeals only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990). We have jurisdiction over other types of criminal appeals only when "'expressly granted by law.'" *McIntosh v. State*, 110 S.W.3d 51, 52 (Tex.App.--Waco 2002, no pet.); *see also Abbott v. State*,

271 S.W.3d 694, 697 (Tex.Crim.App. 2008); *Apolinar*, 820 S.W.2d at 794.

While a trial court's grant of a judgment nunc pro tunc may be appealed because it results in an alteration to the final judgment of conviction, *see Blanton v. State*, 369 S.W.3d 894, 904 (Tex.Crim.App. 2012), an order denying a motion for judgment nunc pro tunc is not appealable because the order does not result in an appealable judgment, and appeals from nunc pro tunc denial orders are not otherwise authorized by any rule or statutory provision. *See Rodriguez v. State*, No. 08-18-00185-CR, 2018 WL 5641323, at *1 (Tex.App.--El Paso Oct. 31, 2018, no pet.)(mem. op., not designated for publication).

Accordingly, because the order Appellant seeks to challenge is not an appealable order, we dismiss this attempted appeal for want of jurisdiction.


November 4, 2020
                                        YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)