

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00132-CR

———————————————

APRIL GUY, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1838652

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant April Guy attempts to appeal the trial court's denial of her motion for continuance. Because there is no final judgment and the trial court's denial of her continuance is an interlocutory order, we lack jurisdiction over this appeal.[1]

The right to appeal in a criminal case is a statutorily created right. Tex. Code Crim. Proc. Ann. art. 44.02; *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). Generally, a criminal defendant may only appeal from a final judgment. *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *see McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam).

We do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (noting that the standard for determining jurisdiction in a criminal case is not whether the appeal is precluded by law, but whether the appeal is authorized by law); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (holding that courts of appeals do not have jurisdiction to review interlocutory orders absent express statutory authority); *see also Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (mem. op.) (per curiam) (stating that an appellate court has jurisdiction over criminal appeals only when expressly granted by law). The denial

---

[1]Guy's notice of appeal contains the trial court's certification of defendant's right to appeal. But this certification does not reflect that Guy has the right to appeal; rather, it reflects that trial court's recognition that "the [d]enial of a [m]otion for [c]ontinuance is not an appealable order."

of a motion for continuance is not a separately appealable order. *See Apolinar*, 820 S.W.2d at 794.

Because the trial court had not entered any appealable orders, we were concerned that we lack jurisdiction over this appeal. We sent Guy a letter and warned that unless she or any party desiring to continue the appeal files with this court on or before May 19, 2025, a response showing grounds for continuing the appeal, the appeal may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); 44.3. We received no response.

Accordingly, we dismiss Guy's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Abbott*, 271 S.W.3d at 696–97; *Apolinar*, 820 S.W.2d at 794.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 19, 2025